UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ONIE M. SHOTWELL,

        Plaintiff,

v.                                                  Case No. 08-CV-897

COOPER POWER SYSTEM,

        Defendant.

_____

## ORDER

On October 23, 2008, pro se plaintiff Onie M. Shotwell ("Shotwell") filed a complaint seeking damages from her former employer for wrongful termination. Shotwell alleges that she was terminated from employment because of her race. Although the complaint does not specify the legal basis for plaintiff's claim, the court considers the complaint to be brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). Plaintiff has moved for leave to proceed *in forma pauperis*.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to federal courts. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court may not authorize a litigant to proceed *in forma pauperis* until it determines that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). If the court concludes that the litigant is unable to pay the costs of commencing the action, the court must then determine the action is neither frivolous nor malicious, does not fail to state a claim upon which relief may be granted,

and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

After reviewing plaintiff's affidavit, the court concludes that plaintiff would be unable to pay the costs of commencing this action. Plaintiff states that she has no monthly income, and pays rent in the amount of $650.00 per month. Besides a car worth $3,500.00, plaintiff states that she owns no other valuable tangible property, and has no other savings or investments.

However, because the court finds that plaintiff has failed to state a claim upon which relief may be granted, the court is obliged to dismiss the complaint. Under Title VII, a plaintiff must exhaust administrative remedies before bringing a claim in federal court. *See Gibson v. West.*, 201 F.3d 990, 994 (7th Cir. 2000). To exhaust administrative remedies, a plaintiff must show the following: (1) the filing of a complaint with the Equal Employment Opportunity Commission (EEOC) within 180 days of the discriminatory employment action, or within 300 days of the employment action if an equivalent state agency exists; and (2) a notification from the EEOC that it does not intend to sue–commonly referred to as a "right-to-sue" letter. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing 42 U.S.C. §§ 2000e-5(c), (e) and (f)(1)). The purpose of these conditions is to give the EEOC and state agencies the chance to investigate and take enforcement action first, and to encourage a potential plaintiff and his or her employer to resolve their dispute outside of the courts. *See id.*

In Wisconsin, a plaintiff has 300 days to file a complaint either with the EEOC or the Equal Rights Division of the Wisconsin State Department of Workforce Development ("ERD"). *See Miller v. Am. Family Ins.*, 203 F.3d 997, 1002 n.3 (7th Cir.

2000); *Alvey v. Rayovac Corp.*, 922 F.Supp. 1315, 1326 (W.D.Wis. 1996) (noting that filings with the ERD are considered cross-filed with the EEOC). Plaintiff's complaint includes a copy of what appears to be a complaint filed with the ERD within 300 days of the alleged discriminatory action. However, plaintiff must show she filed her complaint in this court within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. §2000e-5(f)(1). Therefore, the court dismisses plaintiff's complaint. The court notes that its ruling does not necessarily foreclose plaintiff's ability to refile a complaint showing the conditions precedent discussed above have been satisfied.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's complaint be and the same is hereby **DISMISSED** without prejudice.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge